In re N. SHAFFER & SON.

(District Court, M. D. Pennsylvania. March 4, 1904.)

No. 416.

1. BANKRUPTCY—RECEIVERSHIP—EXEMPTION—PROPERTY SET ASIDE TO AWAIT
—DELIVERY TO BANKRUPT UNDER BONDS.

Where a receiver in bankruptcy has been appointed, the court, on pe-
tition of the bankrupt, in order to preserve his rights to specific property
which he wishes to exempt, and which otherwise would be sold, will direct
the receiver to set aside such property to await the result of his exemption
claim, and, upon giving bonds for its return, will under some circum-
stances authorize its delivery to such bankrupt meanwhile.

In Bankruptcy.

The petition of N. Shaffer, a member of the firm of N. Shaffer
& Son, addressed to the court, set forth as follows:

That involuntary proceedings were instituted against said firm January 14.
1904, and the same day, on due application, Moses Salsburg was appointed
receiver, and took possession of the goods, merchandise, and property of the
alleged bankrupts; that among such property was one bay horse, of the
value of $65, one covered delivery wagon, of the value of $40, and one set
of single harness, of the value of $5; that the articles so mentioned did not
belong to the estate of N. Shaffer & Co., but were the individual property
of the petitioner, and that at various times he had notified the receiver of
this fact, and demanded that the same should be turned over to him, and
that, along with other individual property, he desired to have the same set
aside to him under his $300 state exemption; that his personal effects, over
and above the property mentioned, consisted of a few household goods, not
exceeding the value of $150, which, on filing his schedules, he also proposed
to claim as exempt. He therefore prayed that the receiver should be directed
to set aside and deliver over to him the property in question, as belonging
to him under his exemption claim.

B. W. Davis, for petitioner.

Unless the bankrupt can have this property set aside to await his
exemption claim, the receiver may go on and sell it under the order
of sale which he has obtained; and, while this may not defeat his
right under the decision of this court in the Le Vay Case, 125 Fed.
990, the state exemption gives the debtor the right to choose specific
articles, and this ought not to be abridged. It is also intimated in
the case referred to that the bankrupt might, under such circum-
stances, petition the court in advance, and have the goods which he
wished to retain set aside and held by the receiver to await the
selection of a trustee and the disposition of his exemption claim.
We understand that this practice was recently pursued in this court
in the Joyce estate, and thus is expressly sanctioned.

B. L. Levy, for the receiver.

We have no objection to the goods being set aside and not sold.
But the receiver and the creditors contest the claim that the horse
and wagon belong to the petitioner, and not the firm; and we ask
that, if the property is to be turned over to him, he give bonds for
its return in the event that his right to it or to his exemption is not
made good.

The court (ARCHBALD, District Judge) made the following order:

Now, 4th day of March, 1904, the receiver in bankruptcy, Moses Salsburg, is directed to set aside the property described in the petition, viz., one bay horse, one covered delivery wagon, and one set of single harness, in order that the same may be delivered over to the trustee to await the action of court as to the right of petitioner, Nathan Shaffer, to the same as a part of his exemption; and in case the petitioner, Nathan Shaffer, shall furnish security in the sum of $200, double its appraised value, conditioned for the return of said property to the trustee in the event his right to exempt the same shall not be sustained, then the receiver is directed to turn the same over to the petitioner, Nathan Shaffer.